IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. PAYAN,<br><br>    Plaintiff,<br><br>  v.<br><br>ADAMS, et al.,<br><br>    Defendants. | No. C 15-05467 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner currently incarcerated at Pelican Bay State Prison ("PBSP"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against PBSP medical officials. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order. The Court will screen the initial complaint under 28 U.S.C. § 1915A.

**DISCUSSION**

A.   <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

Order of Dismissal with Leave to Amend
P:\PRO-SE\BLF\CR.15\05467Payan_dwlta.wpd

claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Plaintiff's Claims**

Plaintiff claims that he received inadequate medical treatment for his left shoulder injuries, which includes a "large full thickness tear of the entire supraspinatus tendon," among other injuries. (Compl. Attach. at 1-2, (as paginated).) Specifically, Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs by failing to provide adequate pain medication to treat his chronic shoulder pain. (*Id.* at 20-22.) Liberally construed, Plaintiff's claim is cognizable as a violation of the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). The Court also exercises supplemental jurisdiction over Plaintiff's related state tort claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

Plaintiff also claims that Defendants retaliated against him and violated his First Amendment rights because their refusal to provide adequate medical treatment "was a result of" Plaintiff filing grievances against the staff for their deliberate indifference to his serious medical needs. (Compl. Attach. at 18-19, (as paginated).) "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Here, Plaintiff has failed to allege the fourth element under *Rhodes*, i.e., that the retaliatory action chilled the exercise of his First Amendment rights. *Id.* Accordingly, this claim will be dismissed with leave to amend for Plaintiff to attempt to state sufficient facts to state a First Amendment retaliation claim.

## CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED** with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint. The second amended complaint must include the caption and the civil case number used in this order, Case No. C 15-05467 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

Because the amended complaint supersedes the original complaint, Plaintiff must also include in it all the claims he wishes to present, i.e., the Eighth Amendment claim found to be cognizable above, the related state tort claims, and the amended First Amendment retaliation claim. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. **In the alternative, Plaintiff may file notice that he wishes to proceed solely on the Eighth Amendment claim and have the retaliation claim stricken from the complaint.**

**Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**
DATED: Mar 3, 2016

_____
BETH LABSON FREEMAN
United States District Judge